PEOPLE ex rel. HAMMOND v. BECKER, Sheriff.

(Supreme Court, Special Term, Erie County. August, 1913.)

ARREST (§ 10*)—ARREST IN CIVIL ACTIONS—STATUTORY PROCEEDINGS—"WRONGFUL DETENTION."

Where a woman purchased diamond earrings on the installment plan, the contract providing that the title was to remain in the vendor until the purchase price was fully paid, that the vendor was entitled to possession upon default in any of the payments, her refusal to surrender after default was a wrongful detention under Code Civ. Proc. § 549, providing for the arrest of a defendant in civil actions for damages for personal injury and injury to property, including the wrongful taking, detention, or conversion of personal property.

[Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 34–47; Dec. Dig. § 10.*]

Certiorari proceedings by the People, on the relation of Helen Hammond, against Frederick Becker, sheriff of Erie county, to secure relator's discharge from imprisonment. Proceeding dismissed.

Charles Newton, of Buffalo, for relator.
Riordan & Batt, of Buffalo (Paul J. Batt, of Buffalo, of counsel), for persons interested in continuing the imprisonment of the relator.

BISSELL, J. This is an application by writ of certiorari to secure the discharge of the relator from imprisonment pursuant to a body execution issued upon a judgment obtained in the Erie county court (A. R. Henry Schneider and Ernest W. Schneider against Helen · Hammond).

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The facts, briefly stated, are as follows: The defendant in the action below entered into a contract with the plaintiffs for the purchase of a pair of diamond earrings. By the terms of the contract she was to make payments in installments at stated intervals, and it was provided that, until the full amount of the purchase price was paid, the title was to remain in the vendors and right to possession would arise upon default in the payment of any of the installments. It appears that the defendant was in default as to several installments and that the plaintiffs demanded the return of the earrings. Upon the defendant's refusal to return them, the vendors brought an action in replevin against the defendant, the relator in this proceeding, and a requisition was issued and demand made by the sheriff upon the relator, who again refused to surrender the earrings. Thereupon, on an application, an order of arrest was issued by the Erie county judge, and the relator in pursuance of that order was lodged in jail by the sheriff. On July 31, 1913, she made application to the Erie county court for an order to vacate this order of arrest, which application was denied, and no appeal was taken from the order made thereupon. The action was brought to trial August 5, 1913, and decided in favor of the plaintiffs. The court found:

That "the defendant failed to return the earrings to the plaintiffs, and that the failure of the defendant to surrender possession of the said chattel to the plaintiffs was willful, and that the defendant ever since has wrongfully and willfully detained the said one pair of diamond earrings."

The court also found:

"That, upon demand by said sheriff for the possession of said one pair of diamond earrings described in the complaint pursuant to said requisition, the defendant willfully refused to surrender or deliver the possession thereof to the said sheriff."

The judgment of the court entered for the plaintiffs upon default, the answer having been withdrawn, recites:

"It is adjudged and decreed that the plaintiffs * * * recover from the defendant * * * possession of the one pair of diamond earrings being the property described in the complaint herein, or, in case the possession of the said property is not delivered to the plaintiffs, that the plaintiffs recover from the defendant the sum of $942, the value thereof. * * *"

An execution was thereupon issued against the person of the relator pursuant to section 1489 of the Code of Civil Procedure.

The relator bases her claim to right to relief by the institution of proceedings in this court on the ground of gross misapplication of law in the issuing of the execution against the person of the relator. Leaving out of consideration any question as to the propriety of seeking by a writ of certiorari to set aside the action of the court below, we do not think that the relator can succeed in this proceeding. Section 549 of the Code provides:

"A defendant may be arrested in an action, as prescribed in this title, where the action is brought for either of the following causes: Subdivision 2. To recover damages for personal injury; and injury to property, including the wrongful taking, detention or conversion of personal property. * * *"

This section is modified by section 553 of the Code, which provides that:

"A woman cannot be arrested, as prescribed in this title, except in a case
\* \* \* where it appears, that the action is to recover damages for a will-
ful injury to person, character, or property."

Section 3343, subd. 10, of the Code, defines an "injury to property"
as an "actionable act, whereby the estate of another is lessened, other
than a personal injury, or the breach of a contract."

The relator's contention is that her acts, as found by the Erie county
court, do not constitute an "injury to property." We cannot concur
in this view. We think the refusal of the relator to surrender the
earrings is a "wrongful detention," within the meaning of section 549
of the Code, and consequently an "injury to property." The fact that
such injury was "willful" was found by the court below, and that find-
ing is conclusive here. We do not think it is necessary to discuss the
question further. It has been disposed of on very similar facts in a
decision by Mr. Justice Wheeler in Boasberg et al. v. Bond, unan-
imously affirmed 151 App. Div. 897, 135 N. Y. Supp. 1101.

The proceeding is therefore dismissed. Let an order be entered ac-
cordingly.